Leonard J. French
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

Attorney for DOE #5

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) | CIVIL ACTION NO. |
| | ) | 2:12-CV-02077-RK |
| Plaintiff, | ) | |
| | ) | MOTION TO SEVER DOE |
| | ) | #5 AS A DEFENDANT |
| JOHN DOES #1-15 | ) | AND MOTION TO QUASH |
| | ) | THE SUBPOENA SERVED |
| Defendant | ) | UPON RCN TELECOM |
| | ) | SERVICES, LLC. |

COMES NOW DOE #5, by and through his attorney, Leonard J. French, Esquire, and states as follows:

1. DOE #5 files this Motion to Sever DOE #5 as a Defendant and Motion to Quash the Subpoena served upon RCN TELECOM SERVICES LLC (hereinafter "RCN"), pursuant to Fed. R. Civ. P. 20(a)(2) and Fed. R. Civ. P. 45(c)(3)(A), respectively. The Plaintiff has improperly joined DOE #5 with other Defendants despite their alleged acts of infringement being independent and not arising out of the same transaction, occurrence, or series of transactions or occurrences.

In addition, the subpoena requires disclosure of protected information, subjects DOE #5 to undue burden, and seeks information that is not relevant given Plaintiff's inability to link DOE #5 to alleged infringing activity.

- 1 -

2. Plaintiff filed suit in the Eastern District of Pennsylvania (No. 2:12-CV-02077-RK) against 15 unnamed DOE defendants, who are identified in its Complaint only by internet protocol (hereinafter "IP") addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3. DOE #5 is a resident of the Borough of Macungie, Pennsylvania. RCN is an internet service provider (hereinafter "ISP") that provides internet service to its customers, including DOE #5. Plaintiff, Malibu Media, LLC (hereinafter "Malibu"), on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on RCN to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE #5, so DOE #5 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the notice of subpoena received by DOE #5 is attached as Exhibit A.

## MOTION TO SEVER

**A. The Complaint of the Plaintiff does not recite sufficient facts to demonstrate that DOE #5 is jointly, severally or alternatively liable along with 14 other DOES for actions "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)**

5. The Plaintiff only alleges that DOE #5 (or more probably someone with access to his internet connection) through the use of BitTorrent software joined in a "swarm" via a "Peer-to-Peer" (hereinafter "P2P") network and downloaded the Plaintiff's movie "Veronica Wet Orgasm". (Complaint at 3). This was a single act allegedly occurring on 5-March, 2012, at 5:22 in the morning. (Pl. Ex. A). The Plaintiff lumps this act in with 14 separate alleged downloads by others over a period of approximately three and a half months.

6. The Plaintiff has recited no facts to demonstrate that these were anything other than isolated acts by individuals who may have been surfing the net. There is no allegation that they knew each other or acted in concert with one another. Neither does the recitation that all 15 DOES were downloading the same movie (Complaint at 6) change the nature of these occurrences to anything other than isolated incidents.

7. Neither is there any demonstration that these 15 DOES are "jointly, severally, or in the alternative" liable to one another and to the Plaintiff (Fed. R. Civ. P. 20(a)(2)). In fact in its prayer for relief the Plaintiff seeks judgment "against each Defendant" for injunctive relief, damages, costs, and attorney fees. (Id. at 11)

8. DOE #5 has been misjoined as a party, and the proper course for the Court is to drop DOE #5 (as well as all but one of the putative defendants) as a party in this suit. Fed R. Civ. P. 21.

9. Judge John A. Gibney, Jr., in the U.S. District Court for the Eastern District of Virginia, ordered the severance of all but one of 85 Doe defendants in a case identical to this case (attached as Exhibit B):

> "The BitTorrent software at issue allows a person to visit a private website and download a file containing the desired digital media onto a program already installed on the user's computer. Once the file is loaded, the BitTorrent program connects to hundreds or thousands of different users that possess and share copies of the particular media contained in the file, and it coordinates the copying of the media using the digital copies of those other users. As the original user (or "peer") downloads his or her copy, it is immediately made available to other users looking to obtain the file. In this way, the collection of users who simultaneously "share" a particular file is known as a "swarm". The plaintiff, in essence, relies on this "swarm" theory to claim that the defendants acted in concert through a series of transactions to commit the infringement. The Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure." *K-Beech, Inc. v. John Does* 1-85, 11-cv-00469-JAG, Document 9, p. 2 (E.D. Va., 2011)

Judge Colleen McMahon of the U.S. District Court of the Southern District of New York writes in her opinion in another identical case (attached as Exhibit C):

"There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong. Rather, I adopt and expressly incorporate into this memorandum order the reasoning of Judge Gibney in *K-Beech*; Magistrate Judge Spero of the Northern District of California in *Hard Drive Productions, Inc. v. Does* 1-188, No. C-l 1-01566, 809 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011); several other courts in the Northern District of California, including *Diabolic Video Productions*, Inc. v. Does 1-2099, 10 Civ. 5865, 2011 U.S. Dist. LEXIS 58351, at 10-11 (N.D. Cal. May 31, 2011): and most especially the comprehensive *Report and Recommendation of The Hon. Gary R. Brown*, U.S.M.J., that was filed just last week in our sister court, the Eastern District of New York, in *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012)." *Digital Sins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 69286, at 4-5 (S.D.N.Y. May 15, 2012)

Judge McMahon continues that joinder is improper because ". . . each of the John Does is likely to have some individual defense to assert. Each defendant's situation, which is unique to him or her, will have to be proved separately and independently." *Digital Sins, Inc. v. Doe*, at 7 (S.D.N.Y. May 15, 2012)

The Hon. McMahon continues:

". . . subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. [The rest of the Does] could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. *BMG Music v. Doe*, 2004 U.S. Dist. LEXIS 8457 (E.D. Pa. Apr. 2, 2004)." *Digital Sins, Inc. v. Doe* at 7-8.

Thus, "[t]he only economy that litigating these cases as a single action would achieve is an economy to plaintiff — the economy of not having to pay a separate filing fee for each action brought. However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder." *Digital Sins, Inc. v. Doe*, at 9.

10. FOR THESE REASONS, DOE #5 requests that this Court sever DOE #5 from all other defendants in this matter.

MOTION TO QUASH

**B. The risk of reputational injury creates an undue burden on DOE #5 and would cause the disclosure of privileged information. Therefore, the subpoena addressed to RCN should be quashed. Fed. R. Civ. P 45(c)(3)(A)(iii)(iv)**

11. DOE #5 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE #5 has personal and proprietary interests. DOE #5 also has standing to move to quash the subpoena to protect reputational interests. Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

12. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Eastern District of Pennsylvania thus lacks personal jurisdiction over any of the DOEs at this point. The Eastern District of Pennsylvania also lacks personal jurisdiction over DOE #5.

13. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as RCN, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint. This Motion to Quash is timely filed as RCN notified DOE #5 of the subpoena on 13-May 2012.

14. The Malibu complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for

expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, *VPR Internationale v. DOES 1-1017*, No. 2:11-CV-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter *VPR Internationale Order*], attached hereto as Exhibit B. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. *Id.* The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from RCN.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple ISP subscribers' Wi-Fi connections. *Id.* This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force RCN to turn over the requested information, DOE #5 would suffer a reputational injury.

15. DOE #5 resided in a residential structure in Macungie, PA. DOE #5 was only one of multiple persons living in the residence. DOE #5's internet service connection was routed through an unsecured "WiFi" wireless internet access point. Any person in the building or on the street had open access and ample opportunity to use DOE #5's IP

address for their own purposes and without detection. The likelihood that an individual, other than DOE #5, infringed Plaintiff's copyrights is too great to support any correlation between DOE #5 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to an individual from public exposure and association with the Malibu allegations – even if later disproven – is too great and presents an undue burden to DOE #5 under Fed. R. Civ. P. 45(c)(3)(A)(iv). See *VPR Internationale Order*, at 3.

16. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE #5 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." *Id.* at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." *Id.*

Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. *Id.* Such abuse of the discovery process cannot be allowed to continue.

17. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to [Fed. R. Civ. P. 45] is subject to the general

relevancy standard applicable to discovery under [Fed. R. Civ. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. *VPR Internationale Order*, at 2. Because the infringer could have been anybody with a laptop or smartphone passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. *Id.* Moreover, even if the information has some small amount of relevance to the claim – which it does not – discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE #5 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE #5 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. *Id.* Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE #5 if allowed to proceed. Good cause exists to quash the subpoena served on RCN to compel the disclosure of the name, address, telephone number and e-mail address of DOE #5.

18. FOR THESE REASONS, DOE #5 requests that this Court quash the subpoena served on RCN in this matter.

DATED:     8-June 2012                    Respectfully submitted,

By:  /s/Leonard J. French
Attorney for DOE #5
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on June 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

DATED:  8-June 2012    Respectfully submitted,

                By: /s/Leonard J. French
                Attorney for DOE #5
                PA Bar: 312413
                The Law Offices of Leonard J. French
                P.O. Box 9125
                Allentown, PA 18105
                Telephone: (610) 537-3537
                Facsimile: (888) 262-0632
                Email: ljfrench@leonardjfrench.com