

3 of 45 DOCUMENTS

**DIGITAL SINS, INC., Plaintiff, -against- JOHN DOES 1-245, Defendants.**

**11 Civ. 8170 (CM)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2012 U.S. Dist. LEXIS 69286*

**May 15, 2012, Decided**

**COUNSEL:** **[*1]** For Digital Sin, Inc., Plaintiff: Mike Meier, The Copyright Law Group, PLLC, Fairfax, VA.

For John Doe 1 also known as John Does 1-245, Defendant: Yasha Heidari, Heidari Power Law Group LLC, Atlanta, GA.

John Doe, IP address 69.86.91.57, Defendant, Pro Se, New York, NY.

**JUDGES:** Colleen McMahon, U.S.D.J.

**OPINION BY:** Colleen McMahon

**OPINION**

**MEMORANDUM DECISION AND ORDER SEVERING JOHN DOES 2-245 FROM JOHN DOE 1 AND DISMISSING THE CASES AGAINST JOHN DOES 2-245 PENDING THE PAYMENT OF THE REQUISITE FILING FEE; AND SETTING FORTH RULES FOR THE CONDUCT OF FURTHER LITIGATION BY THIS PLAINTIFF AND PLAINTIFF'S LAW FIRM IN CONNECTION WITH THE ALLEGED INFRINGEMENT OF "MY LITTLE PANTIES 2" BY THESE JOHN DOE DEFENDANTS**

McMahon, J.:

Presently before the Court is a motion by John Doe 148 for dismissal or severance of his case from this matter, as well as a motion to quash a subpoena served on various internet service providers seeking information about, *inter alia*, John Doe 148, and for a protective order. (ECF No. 11.) John Doe 149, another putative defendant in this case, has filed a similar motion. (ECF No. 15.) The present motion addresses these items.

Because these 245 separate cases do not meet the requirements for permissive joinder **[*2]** under *Fed. R. Civ. P. 20(a)(2)* -- and because the Court has seen fit to exercise her discretion under *Fed. R. Civ. P. 20(b)*, *21*, and *42(b)* -- John Doe 148's and 149's motions to sever the claims against them is granted. For the reasons discussed below, the case is also dismissed, *sua sponte*, as against John Does 2-245 without prejudice to plaintiff's bringing those claims in

Exhibit C

Case 2:12-cv-02077-RK   Document 7-3   Filed 06/08/12   Page 2 of 7

Page 2
2012 U.S. Dist. LEXIS 69286, *2

separate lawsuits against each John Doe defendant, upon payment of the appropriate filing fee. I am also explaining the procedures plaintiff must follow in order to reinstitute actions against the severed defendants. And I set June 1, 2012 as the absolute deadline for plaintiff to file proof of service on John Doe 1.[1] If plaintiff fails to file proof of service by that date, this action will be dismissed against John Doe 1 as well.

>    1   Plaintiffs "Application Pursuant to Rule 4(m) for Enlargement of Time to Serve Defendants as Well as Status Report" (ECF No. 17) is denied.

## BACKGROUND

Plaintiff alleges that each of 245 different John Doe defendants has uploaded and downloaded a pornographic film entitled "My Little Panties 2," the rights to which are controlled by plaintiff. What the John Does allegedly have in common, [*3] aside from their presumed interest in hardcore pornography,[2] is that they all allegedly used a peer-to peer client sharing protocol known as BitTorrent to obtain the film as part of something called a "swarm." My colleague in the Eastern District of Virginia, The Hon. John A. Gibney, Jr., described this as follows:

>    The BitTorrent software at issue allows a person to visit a private website and download a file containing the desired digital media onto a program that is already installed on the user's computer. Once the file is loaded, the BitTorrent program connects to hundreds or thousands of different users that possess and share copies of the particular media contained in the file. BitTorrent coordinates the copying of the media using the digital copies of those other users. As the original user (or "peer") downloads his or her copy, it immediately becomes available to other users who may be looking to obtain the file. The collection of users who simultaneously "share" a particular file is known as a "swarm."

*K-Beech, Inc. v. John Does 1-85*, No. 3:11cv468, 2011 U.S. Dist. LEXIS 124581, at *2-3 (E.D.V.A. Oct. 5,2011).

>    2   As John Doe 148 absolutely denies ever having downloaded the movie, [*4] it is highly questionable whether the John Does have that in common, either.

The plaintiff alleges that all of the defendants, as part of a single "swarm," are properly joined together in a single action under *Fed. R. Civ. P. 20(a)(2)*, which permits -- but does not require -- joinder when a plaintiff's right to relief "is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of occurrences*." (Emphasis added).

## DISCUSSION

### I. Joinder is Improper in This Action

There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong. Rather, I adopt and expressly incorporate into this memorandum order the reasoning of Judge Gibney in *K-Beech*; Magistrate Judge Spero of the Northern District of California in *Hard Drive Productions, Inc. v. Does 1-188, No. C-l 1-01566, 809 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011)*; several other courts in the Northern District of California, including *Diabolic Video Productions, Inc. v. Does 1-2099, 10 Civ. 5865, 2011 U.S. Dist. LEXIS 58351, at * 10-11 (N.D. Cal. May 31, 2011)*: and most especially the comprehensive Report and [*5] Recommendation of The Hon. Gary R. Brown, U.S.M.J., that was filed just last week in our sister court, the Eastern District of New York, in *In re BitTorrent Adult Film Copyright Infringement Cases, No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012)*.

All of the courts on which this Court relies, and whose reasoning I find persuasive, have concluded that where, as here, the plaintiff does no more than assert that the defendants "merely commit[ed] the same type of violation in the same way," it does not satisfy the test for permissive joinder in a single lawsuit pursuant to *Rule 20*. In this Circuit, the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit. *See Nassau Cnty, Assoc, of Ins. Agents, Inc. v. Aetna Life & Casualty, 497 F. 2d 1151*,

*1154 (2d Cir. 1974).* For the reasons set forth by Magistrate Judge Brown, there is no basis from the allegations of the complaint to conclude that any of the defendants was acting other than independently when he/she chose to access the BitTorrent protocol. "The bare fact that Doe clicked on a command to participate in the BitTorrent Protocol **[*6]** does not mean that they [sic] were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Hard Drive Prods., 809 F. Supp. 2d at 1163.* Nothing in the complaint negates the inference that the downloads by the various defendants were discrete and separate acts that took place at different times; indeed, the complaint alleges that separate defendants shared access to a file containing a pornographic film in separate and isolated incidents over the course of 59 days. In other words, what we have here is 245 separate and discrete transactions in which 245 individuals used the same method to access a file via the Internet -- no concerted action whatever, and no series of related occurrences -- at least, not related in any way except the method that was allegedly used to violate the law.

Because joinder was impermissible in this action, I grant the motions of John Does 148 and 149 to sever their claims from those of the other defendants.

Furthermore, like many of the other judges who have confronted this situation, I exercise my discretion under *Fed. R. Civ. P. 20(b), 21,* and *42(b)* to sever plaintiffs claims against all defendants except **[*7]** John Doe 1. *See, e.g., Hard Drive Productions, 809 F. Supp. 2d at 1164-65*; *In re Bittorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, at *34-37.*

There are no litigation economies to be gained from trying what are in essence 245 different cases together, because each of the John Does is likely to have some individual defense to assert. Each defendant's situation, which is unique to him or her, will have to be proved separately and independently. As my colleague Judge Newcomer of the Eastern District of Pennsylvania held when assessing a similar strategy arising out of illegally downloaded music files in *BMG Music v. Does 1-203, Civ. A. 04-650, 2004 U.S. Dist. LEXIS 8457, 2004 WL 953888, at * I (E.D. Pa. Apr. 2, 2004):*

> []Subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast **[*8]** majority (if not all) of Defendants.

I already have two motions from two John Doe defendants. One of those defendants has raised the issue of *in personam* jurisdiction, which will be discussed more fully below, and which presents issues unique to him (and different from any other individual defendant who might also assert that the Court lacks jurisdiction over his person). I can expect the various defendants to raise issues relating to the sharing of computers, accessing IP addresses through unsecured wireless networks, personal predilections, and even the location of defendants at the time they are alleged to have accessed the file containing plaintiffs movie. Trying 245 separate cases in which each of 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable. Indeed, it is no accident that plaintiff has not sought to bring this lawsuit as a class action, or to have a class of defendants certified -- the Rule 23 requirements for certification could not possibly be met. *See, e.g., Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011).*

The only economy that litigating these cases as a single action would achieve is an economy to plaintiff -- **[*9]** the economy of not having to pay a separate filing fee for each action brought. However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder. In these BitTorrent cases, where numerous courts have already chronicled abusive litigation practices -- again, I refer to the reader to Magistrate Judge Brown's Report and Recommendation -- forcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse. This is particularly important because the nature of the alleged copyright infringement -- the downloading of an admittedly pornographic movie -- has the potential for forcing coercive

settlements, due to the potential for embarrassing the defendants, who face the possibility that plaintiff's thus-far-unsubstantiated and perhaps erroneous allegation will be made public.

Indeed, litigation abuse has been a hallmark of the litigation in this court over the purported downloading of My Little Panties Two. There are presently three separate My Little Panties swarm cases pending before three different judges of this court -- presumably on the theory that each lawsuit sues [*10] only defendants who were involved in a particular, identifiable swarm. The lawsuits could have been filed as related cases under *Rule 13(a)(i) of the Local Rules* for the Division of Business among District Judges of the Southern District of New York,³ but were not. This leads to the untenable result that the three different judges have reached different conclusions about the propriety of joining multiple members of the same swarm in a single case; my esteemed colleagues, Judges Forrest and Nathan, have decided to allow these actions to go forward on a theory that permissive joinder was proper. I most respectfully disagree with their conclusion.

> 3  *See also Local Civil Rule 1.6(a).*

The actions against the severed defendants are hereby dismissed without prejudice. They are dismissed because plaintiff has not paid the filing fee that is statutorily required to bring these 244 separate lawsuits. The plaintiff may restore its action against any one, or all, of the 244 severed defendants by filing an individualized complaint against that defendant in conformity with the rules set down below (see page 7-8, *infra*.) and by paying the requisite filing fee.

**II.** *In Personam* **Jurisdiction**

John Doe 148 [*11] moved in the alternative to dismiss the claims against him on the ground that the Court lacks jurisdiction over his person. While mooted by my decision to sever and dismiss John Doe 148 from this action, the motion brought to the Court's attention that plaintiff has not made *& prima facie* showing that this Court has jurisdiction over the person of the defendants.

In moving to dismiss on for lack of personal jurisdiction, John Doe 148 did not file an affidavit identifying himself or the place in which he lives (although his attorney, who is from Georgia, does imply that John Doe 148 lives "across the country" from New York). Instead, he relies on the fact that plaintiff must establish that the Court has personal jurisdiction over him and the other defendants, arguing that the mere fact that he may have been part of the same "swarm" is insufficient to demonstrate in personam jurisdiction over any particular member of the "swarm."

To its opposition to John Doe 148's motion, plaintiff attached three IP locator reports, each indicating that John Doe 148 is located in New York, New York. (Opp'n to John Doe 148's Mot. To Dismiss or Sever the Matter, Quash, and for a Protective Order ("Opp'n") [*12] at 4, Exs. 1-j (ECF No. 13).) While such publicly available IP locators are not 100% accurate, they have beer accepted as making out a *prima facie* case of personal jurisdiction. *See, e.g., John Wiley & Sons Inc. v. Does Nos. 1-27, No. 11 CIV. 7627 WHP, 2012 U.S. Dist. LEXIS 13667, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012)*; *Digital Sin, Inc. v. Does 1-176, ___ F.R.D. ___, 2012 U.S. Dist. LEXIS 10803, 2012 WL 263491, at *1 (S.D.N.Y. 2012)* ("Publicly available 'reverse IP' checks confirmed that all of these addresses very likely belong individuals located in New York."); *DigiProtect USA Corp. v. Doe, No. 10 CIV. 8760 PAC, 2011 U.S. Dist. LEXIS 109464, 2011 WL 4444666, at *3-4 (S.D.N.Y. Sept. 26, 2011)* ("A showing that the internet account associated with an IP address that allegedly engaged in infringing activity is located in New York State is sufficient to establish *prima facie* personal jurisdiction over the alleged infringer."); *Nu Image, Inc. v. Does 1-23,322, 799 F. Supp. 2d 34, 40-41 (D.D.C. 2011)*. John Doe 148 could have overcome that showing by averring that he was a citizen and resident of some state other than New York -- even New Jersey or Connecticut, portions of which are located within the geographic area that is covered by the geolocation data. As noted, he [*13] did not elect to do so. I cannot, therefore, grant his motion to dismiss on the ground that personal jurisdiction is lacking although I deny it without prejudice. Should he be sued again, John Doe 148 will have to make showing about where he actually resides in order to defeat plaintiff's *prima facie* pre-discovery showing of personal jurisdiction based on the geolocation data.

Case 2:12-cv-02077-RK   Document 7-3   Filed 06/08/12   Page 5 of 7

Page 5
2012 U.S. Dist. LEXIS 69286, *13

However, plaintiff did not plead any facts tending to show that any of the other defendants is amenable to jurisdiction in New York. The geolocation data submitted by plaintiff in opposition to John Doe 148's motion only raises *a prima facie* case for jurisdiction over that single individual. This raises the question of whether I should *sua sponte* dismiss the complaint against John Doe 1, on the ground that plaintiff has failed to plead facts from which a reasonable trier of fact could conclude that this Court has personal jurisdiction over him, or that venue is properly laid in this district.

Jurisdiction over the person of John Doe 1 is certainly open to question. The fact that different defendants are part of the same "swarm" has been rejected by several courts as a basis for asserting personal jurisdiction over [*14] them in a particular court -- including in this courthouse, where my colleague, The Hon. Thomas P. Griesa, dismissed an action as against out-of-state defendants in a file-sharing case. *Digiprotect USA Corp. v. Does 1-266*, 10 CIV. 8759 TPG, 2011 U.S. Dist. LEXIS 40679, 2011 WL 1466073 (S.D.N.Y. Apr. 13, 2011); *see also DigiProtect*, 2011 U.S. Dist. LEXIS 109464, 2011 WL 4444666.

Plaintiff insists that it has demonstrated *in personam* jurisdiction, and solved the problem identified by Judge Griesa in *Digiprotect*, by bringing this action only against John Doe defendants whose IP addresses can be traced to the area in and around New York City. Indeed, plaintiff's counsel specifically asserts that he "undertook efforts to ensure that all listed John Does are New York residents, as explained in ... the technology declaration of Jon Nicolini." (Opp'n at 1.) But the "technology declaration" filed by Mr. Nicolini to support this assertion does not establish that any John Doe defendant is subject to the jurisdiction of this Court. Neither does Mr. Nicolini's carefully worded declaration establish that a case against any particular John Doe who is amenable to jurisdiction in this state (either generally or transactionally) could be properly venued in the [*15] Southern District of New York (as opposed to, say, the Eastern District of New York). Mr. Nicolini is careful to say, "We could determine that the Doe Defendants in this case *are likely within or near the geographic location of the court*" (Nicolini Decl. ¶ 23 (emphasis added).)

Plaintiff's attorney is located in Fairfax, Virginia, which is part of a multi-state metropolitan area encompassing three separate jurisdictions -- Virginia, Maryland, and the District of Columbia -- so he should know that there are places in the United States where locations "within or near the geographic location" of a courthouse are not necessarily in the same district, or even the same state, as that courthouse. New York City is just such a place. It, like the Washington DC area where plaintiff's attorney works, is a multi-state and multi-district metropolitan area. And indeed, the area that qualifies as "within or near the geographic location of the Court," (Compl. ¶ 4), includes portions of the States of New Jersey and Connecticut -- as well as areas of New York that are located in Brooklyn, Queens and on Long Island, all of which lie in the Eastern District of New York. The former fact gives rise to concerns [*16] about personal jurisdiction; the latter, to venue questions.

Plaintiff did not bother to attach IP locator reports -- or even assert that he ran IP locator reports -- for all defendants, even though doing so appears to be quite easy. (*See* Compl. at 13 ("I checked the locations through the IP locators at http://www.ip-address.org and/or http://www.arin.net and/or http://www.ipligence.com.").) To the contrary, Plaintiff's counsel avers that he only "personally conducted *a random batch test* of the purported locations of the IP addresses" of the John Does. (*Id*. (emphasis added).) Plaintiffs counsel was not so hasty in a subsequently filed action in this court arising out of the same copyright and video at issue in this case. *See* Compl. at 13, *Digital Sin, Inc. v. Does 1-176*, No. 12-cv-126-AJN (S.D.N.Y. Jan. 6, 2012) (ECF No. 1) (Nathan, J.) ("I checked the locations through the IP locators at http://www.ip-address.org and/or http://www.arin.net and/or http://www.ipligence.com. *During my search, I did not find any IP addresses that were outside the geographic area of the Court*") (emphasis added); *see id*. Ex. D (declaring that all defendants are believed to be residents of New York). This oversight [*17] is troubling.

But while plaintiff has not pleaded facts tending to show that this Court has personal jurisdiction over remaining defendant John Doe 1 -- or that venue over him lies in the Southern District of New York -- both personal jurisdiction and venue are waivable defenses. I cannot presume that John Doe 1 will choose to assert either or both of them. Therefore, I cannot dismiss the complaint *sua sponte* against John Doe 1 on jurisdictional or venue grounds at this time.

Case 2:12-cv-02077-RK   Document 7-3   Filed 06/08/12   Page 6 of 7

Page 6
2012 U.S. Dist. LEXIS 69286, *17

However, should plaintiff successfully serve John Doe 1 by the date set by this Court for accomplishing service, I will entertain a motion to dismiss on either or both grounds from John Doe 1, should he have grounds to assert them. And if plaintiff decides to sue these John Doe defendants again in the Southern District of New York, he would be well advised to obviate a motion to dismiss under *Rules 12(b)(2)* and *(b)(3)* by including in his pleading some indication that jurisdiction attached to the particular John Doe being sued and that venue is properly laid in this district.

**III. Going Forward**

Because I have severed and dismissed the claims against the defendants, I hereby *sua sponte* quash any subpoena that may be outstanding [*18] to any internet service provider seeking information about the identity of any John Doe defendant other than John Doe 1. Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant.

Should plaintiff choose to refile actions against any of the severed defendants (which actions must be referred to this Court under the rules of this court as related to a prior pending action seeking the same relief against the same party, *see Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York*), any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Brown in *In re BitTorrent Adult Film Copyright Infringement Cases*:

(1) Subpoenas may not issue seeking the telephone numbers or email addresses of the individuals who are assigned a particular IP address. Within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not plaintiff) with a copy of the subpoena [*19] and a copy of this order (which plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

(2) An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, each potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(3) Absent motions to quash, the ISPs shall produce the information sought to the court, not to plaintiff, within 21 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court. No such disclosure shall include any email addresses or telephone numbers.

(4) Plaintiff may use the information disclosed, once it is received by plaintiff's counsel, only for the purpose of litigating the instant case.

Lest plaintiff's counsel think he can simply put cases against the severed and dismissed John Doe defendants into the wheel for assignment to yet another judge, [*20] I remind him that *Local Civil Rule 1.6(a)*.[4] This rule imposes an ongoing duty on attorneys to bring the existence of potentially related cases to the attention of the Court, "in order to avoid unnecessary duplication of judicial effort." *Id*. As I have already discussed, Plaintiff's counsel has filed three cases in this district, pending in front of Judge Forrest, Judge Nathan, and myself, all concerning the *exact same movie* -- "My Little Panties 2" -- *with the exact same copyright* -- PA0001733587 / 2011-02-10. *Compare* Compl. ¶ 8, *Digital Sin, Inc*. *v*. *Does 1-245*, No. 11-cv-8170-CM (S.D.N.Y. Nov. 10, 2011) (ECF No. 1) (McMahon, J.), *with* Compl. ¶ 8, *Digital Sin, Inc*. *v*. *Does 1-179*, No. 11-cv-8172-KBF (S.D.N.Y. Nov. 10, 2011) (ECF No. 1) (Forrest, J.), *with* Compl. ¶ 8, *Digital Sin, Inc*. *v*. *Does 1-176*, No. 12-cv-126-AJN (S.D.N.Y. Jan. 6, 2012) (ECF No. 1) (Nathan, J.). The complaints also allege the same causes of action (copyright infringement and contributory infringement). All these cases should have come to me. Instead, they are scattered all over the courthouse, where they have yielded inconsistent procedural rulings.

    4  *Available at* http://nysd.uscourts.gov/rules/rules.pdf.

This is exactly **[*21]** the situation -- three judges ruling separately on cases that should have been consolidated -- for which the rule was promulgated. Plaintiff's counsel is cautioned that he must comply with *Local Civil Rule 1.6(a)* and *Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York*, if and when he refiles separate actions against any of the individual John Doe defendants whose IP addresses are the subject of the instant lawsuit. Otherwise, he risks being assessed costs pursuant to *Local Civil Rule 1.6(b)*.

I am second to none in my dismay at the theft of copyrighted material that occurs every day on the internet. However, there is a right way and a wrong way to litigate, and so far this way strikes me as the wrong way.

**CONCLUSION**

This constitutes the decision and order of the Court. The Clerk is directed to remove the motions at ECF Nos. 11, 15, and 17 from the Court's list of pending motions.

Dated: May 15, 2012

/s/ Colleen McMahon

U.S.D.J.