IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 12-2077 |
| JOHN DOES 1-15, : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                      **August 10, 2012**

      Presently before the Court is the Defendant, John Doe # 12's ("Defendant"), "Motion to Dismiss and, in the alternative, to Issue a Protective Order and Motion for Leave to Proceed Anonymously", and the Response in Opposition filed by Plaintiff, Malibu Media ("Plaintiff"). For the reasons set forth below, the Motions are denied.

**I.      FACTS**[1]

      Plaintiff, a corporation operating out of Malibu, California, engages in the production and sale of adult films. (Compl. at p. 2.) Plaintiff owns the copyright for the motion picture entitled "Veronica Wet Orgasm" (the "Work"). (Id. at p. 3.) The Work was registered on or about November 23, 2011. (Id.) Plaintiff claims that the fifteen John Doe Defendants, who are identified solely by individual internet protocol ("IP") addresses, willfully reproduced,

---

[1] A more complete recitation of the facts is set forth in our previous Memorandum Opinion. See Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

1

redistributed, performed and displayed the Work in violation of various copyright laws.[2]  (Id. at pp. 8-11.)  One of these Defendants, John Doe # 12 ("Defendant"), is identified solely by an IP address[3] located in Reading, Pennsylvania.  (Def.'s Mot. to Dismiss at p. 2.)  Verizon Internet Services is a technology company that provides internet service to the Defendant.  (Id.)

Plaintiff filed suit against the fifteen John Doe Defendants on April 19, 2012.  (Id. at p. 1.)  The Complaint alleges that the Defendants willfully engaged in various acts of copyright infringement without the authorization of the Plaintiff.  (Id. at pp. 8-11.)  Consequently, Plaintiff contends that the Defendants are each jointly and severally liable for the actual damages that were proximately caused by each of the Defendants including lost sales, price erosion and a diminution of the value of its copyright.  (Id. at pp. 9, 11.)  Defendant, proceeding pro se, filed a Motion to Dismiss, a Motion for a Protective Order and a Motion for Leave to Proceed Anonymously.[4]  (See Def.'s Mot. to Dismiss.)  These Motions form the subject matter of this Memorandum Opinion.

## II.     **MOTION TO DISMISS**

As a preliminary matter, Defendant contends that the fifteen John Doe Defendants are improperly joined and that dismissal is the proper remedy.[5]  However, the misjoinder of parties is not grounds for dismissing an action.  See Fed. R. Civ. P. 21.  Under Federal Rule of Civil

---

[2] Specifically, Plaintiff alleges violations of 17 U.S.C. § § 106(1), 106(3), 106(4), 106(5) and 501.

[3] In the Motions, John Doe #12 is identified solely by IP address (68.238.194.31).

[4] We are mindful that pro se filings must be construed liberally.  Ruff v. Healthcare Adm'r, 441 Fed. Appx. 843, 845 (3d Cir. 2011); Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).

[5] Defendant labels the Motion as a Motion to Dismiss, however, the document is devoid of any language promoting dismissal, but instead asks for severance.  Both remedies are discussed in this Memorandum Opinion.

Procedure ("Rule") 21, a court may, at any time by motion or on its own, add or drop a party. Id. Noting this rule, we interpret the pro se Defendant's Motion to seek severance from the other fourteen John Doe Defendants.

### A.   Standard of Review

The joinder of defendants into a single action is governed by a two-part test. See Fed. R. Civ. P. 20(a)(2). First, any right to relief must be asserted against all the defendants jointly, severally, or in the alternative, must arise from the same transaction, occurrence, or series of transactions or occurrences. Id. Second, the defendants must share a common question of law or fact in the action. Fed. R. Civ. P. 20(a)(2)(B). These factors are mandatory and if either is absent, joinder is improper. Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court is empowered, by motion or *sua sponte*, to add or drop a party or sever any claim against a party. Fed. R. Civ. P. 21.

It is well settled that joinder "is strongly encouraged" and courts are advised "toward entertaining the broadest possible scope of action consistent with fairness to the parties." United Mine Workers v. Gibbs, 282 U.S. 715, 724 (1966); see also Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009). This sensible interpretation of Rule 20 by the United States Supreme Court in Gibbs serves to promote judicial economy, prevent a multiplicity of lawsuits and reduce inconvenience, delay and added expense. Gibbs, 282 U.S. at 724; Al Daraji v. Monica, No. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 21, 2007).

### B.   Discussion

In a previous Memorandum Opinion, we found the joinder of the fifteen Defendants to be proper. See Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *4 (E.D. Pa.

July 30, 2012). Once again noting the early stage of the litigation, we find that the requirements of Rule 20 are satisfied for a number of reasons.[6] First, the Plaintiff alleges joint and several liability against each of the fifteen John Doe Defendants. Second, the unique characteristics of BitTorrent entangle the Defendants within the same transaction, occurrence or series of transactions or occurrences. Finally, the Defendants share common questions of law and fact.[7] Thus, we find that the requirements of Rule 20 are satisfied. We reach this conclusion conscious of the early juncture in the litigation at which we find ourselves. Also, we note that the Rules allow for re-examination as the case progresses.

### III.   MOTIONS FOR LEAVE TO PROCEED ANONYMOUSLY OR FOR A PROTECTIVE ORDER

#### A.   Standard of Review

A central tenet of our legal system, in particular, and the notion of justice, in general, is that legal proceedings should be conducted in public. Nixon v. Warner Cmmc'ns, 435 U.S. 589, 598-99 (1978); Doe v. Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990) (lawsuits are an inherently public event). The identity of the parties being made public is an important aspect to our judicial system because the people have a right to know who is using their courts. Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citing Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1992)). Rule 10, which requires parties to a lawsuit to identify themselves, reflects this conception. Fed. R. Civ. P. 10(a); see also Blue Cross, 112 F.3d at 872 (Rule 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be

---

[6] For a more detailed analysis see our previous Memorandum Opinion. Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

[7] Defendant concedes this point in his Motion. (See Def.'s Mot. to Dismiss at p. 2.)

**B.     Discussion**

Defendant requests that this Court grant the following: (1) Motion to Proceed Anonymously, and (2) Motion for a Protective Order.  Each Motion is discussed individually in the subsequent sections.

(1)     *Motion to Proceed Anonymously*

A district court operates with broad discretion in deciding whether to grant a party's request to proceed anonymously in a litigation.  Doe v. C.A.R.S. Protection Plan, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008).  Defendant by Motion requests that we allow him to proceed anonymously.  In light of the general preference for public litigation, courts rarely grant such requests.  Doe v. Provident Life and Accident Insur. Co., 176 F.R.D. 464, 466 (E.D. Pa. 1997) (recognizing the "strong public interest militating against pseudonymity[8] – the public right of access to civil judicial records and proceedings."); Doe v. Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990).  Rather, maintaining the anonymity of a party is reserved for exceptional cases.  Id.; see also Provident Life, 176 F.R.D. at 467 (mental illness was proper grounds for plaintiff to use a pseudonym).  In order to qualify as an exceptional case, a movant must demonstrate both: (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.  Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)).  The risk of suffering humiliation or embarrassment is not enough to place the action within the rare and exceptional situation warranting anonymity.  Morrisville, 130 F.R.D. at 614.

---

[8]Courts use anonymity and pseudonymity interchangeably.

In this case, though the burden rests on the Defendant to demonstrate a reasonable fear of severe harm, Defendant's Motion is devoid of any such assertion.  In fact, Defendant's only argument is that "proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoena."  (Def.'s Mot. to Proceed Anonymously at 2.)  This argument is misguided, fails to apply the relevant legal standard, and has no positive bearing on Defendant's Motion.

Defendant mistakenly relies on two decisions where the courts permitted a party to maintain their anonymity throughout the proceedings.  See Doe v. 2TheMart.com, 140 F. Supp. 2d 1088, 1095-98 (W.D. Wash. 2001); Best Western Int'l Inc. v. Doe, No. 06-1537, 2006 WL 2091695, at *5 (D. Ariz. July 25, 2006).  We find these decisions irrelevant to this litigation. The cases cited by Defendant revolve around anonymous internet communication which ample judicial precedent has found is protected by the First Amendment, and not acts of copyright infringement which to the contrary have been consistently denied protection.  See Reno v. ACLU, 521 U.S. 844, 870 (1997) (speech on the internet is protected by the First Amendment); compare with, Harper & Row Publishers, Inc. v. Nation Enters, 471 U.S. 539, 555-56, 569 (1985) (copyright infringement is not protected speech); Universal City Studios, Inc. v. Reimerdes, 82 F. Supp. 2d 211, 220 (S.D.N.Y. 2000) (stating that the "Supreme Court . . . has made it unmistakably clear that the First Amendment does not shield copyright infringement"); In re Captial Cities/ABC, Inc., 918 F.2d 140, 143-44 (11th Cir. 1990) ("[T]he First Amendment is not a license to trammel on legally recognized rights in intellectual property.") (quoting Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc., 600 F.2d 1184, 1188 (5th Cir. 1979)).

Finally, Plaintiff will face significant and likely terminal difficulties in properly serving

the Defendants and sufficiently prosecuting discovery.  Courts have permitted the use of John Doe defendants in certain situations until reasonable discovery reveals the identity of the true defendants.  See Blakeslee v. Clinton County, 336 Fed. Appx. 248, 250 (3d Cir. 2009) (citing Klingler v. Yamaha Motor Corp. U.S.A., 738 F. Supp. 898, 910 (E.D. Pa. 1990)).  However, where reasonable discovery does not uncover the proper identities, it is well-settled precedent that courts, empowered by Rule 21, must dismiss the John Doe defendants.  See Blakeslee, 336 Fed. Appx. at 250-51 (affirming dismissal where John Doe defendants could not be properly named); Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990); Adams v. City of Camden, 461 F. Supp. 2d, 263, 271 (D.N.J. 2006).

     Here, the only way the Plaintiff can proceed in this litigation is to ascertain the identities of the John Doe Defendants and properly serve them.  This would prove impossible if the Defendants were permitted to remain anonymous.  As a practical policy, if courts granted motions protecting the identity of the alleged transgressors in internet copyright infringement suits, the copyright owners would be unable to protect their work.  Such a finding would stand in direct opposition to the legal framework enacted and the protracted juridical history of protecting copyrighted works.

     In sum, "the public's right of access [to the court] should prevail unless the party requesting pseudonymity demonstrates that [his] interests in privacy or security justify pseudonymity."  Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001).  Here, Defendant has failed to adequately set forth any justifiable interests that would overcome the presumption favoring transparency.  For the aforementioned reasons, we find it inappropriate to permit Defendant to proceed anonymously and consequently deny the Motion.

(2)     *Motion for a Protective Order*

The Federal Rules of Civil Procedure empower courts to enter a protective order upon a demonstration of "good cause" in order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c). Good cause requires a showing that the disclosure will cause a defined and serious injury. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (the harm must be significant, not a mere trifle). Broad allegations of harm will not suffice. Cippollone, 785 F.2d at 1121. Rather, the movant bears the burden of demonstrating this injury through articulated reasoning and substantiated specific examples. See Fed. R. Civ. P. 26(c) (the burden is on the party requesting the protective order); see also Provident, 176 F.R.D. at 469.

Defendant argues that Plaintiff is pursuing a "predatory scheme" by using this litigation to harass and force the Defendant to settle in order to avoid the burden and expense of litigating in a foreign court. (Def.'s Mot. to Issue Protective Order at 6.) Based on this statement, we interpret this as a request for a protective order to avoid undue burden or expense. However, Defendant fails to provide any actionable basis for this Court to grant the protective order. First, there is no indication that Defendant is being forced to litigate in a foreign court. The IP address attributed to Defendant is located in Reading, Pennsylvania, which is within our jurisdiction.[9] Thus, there is no extra burden or expense associated with litigating in a foreign court. Second, Defendant's Motion is completely bereft of any showing of a defined and serious injury. Rather, Defendant

---

[9] We note that, at this time, Plaintiff's subpoena is the only way to conclusively ascertain whether jurisdiction is proper.

8

sets forth merely a conclusory allegation without any articulated reasoning or substantiated specific examples of injury.  In neglecting to demonstrate these requirements, Defendant has failed to show good cause.  This is fatal to Defendant's Motion.  Accordingly, Defendant has not met his burden and the Motion for a Protective Order is denied.

## IV.     CONCLUSION

For the aforementioned reasons, we deny Defendant's Motion for Dismissal, Motion to Proceed Anonymously and Motion for Protective Order.

An appropriate Order follows.